SUMMERS, Justice
(dissenting from the refusal to grant writs).
The constitution provides that “Any judge retired under the provisions of this section, may, with his consent, be assigned by the Supreme Court to sit as judge of any court of record, for a specified time, under such rules and regulations as it may adopt.” La.Const. art. 7 § 8(h) (1960) (Emphasis added).
Acting under the authority of this constitutional provision, we issued an order on December 16, 1964, appointing Honorable J. Bernard Cocke, a retired judge of the Orleans Parish Criminal District Court, to sit as judge in the Twenty-fourth Judicial District Court of Jefferson Parish. The order reads, in part, as follows:
“This order is to remain in effect until rescinded by this court, but it does not have the effect of depriving any of the judges of the Twenty-Fourth Judicial District of their offices as permanent judges in the respective divisions of this district, or of their authority to perform any and all functions of their office during the period the Honorable J. Bernard Cocke is temporarily assisting in this district as a judge-ad-hoc.” (Emphasis added.)
Carl Allen Hall is being prosecuted before Judge Cocke, who sits under the authority of the foregoing appointment. He has filed a motion to recuse Judge Cocke and a plea to the jurisdiction of the above court while Judge Cocke is sitting. Hall’s contention is that the appointment is no longer valid because the “specified time” to which the constitution limits such an appointment, and which we designated as “until rescinded” or while “temporarily assisting” *1054 in our order, has expired. The judge who tried the motion for change of venue found that Judge Cocke’s present service under the December 1964 appointment was not constitutionally objectionable. Hall is applying here for writs to review that order. In my opinion this court should grant writs and reverse the ruling of the trial court.
Judge Cocke has been serving under this appointment for more than three years. During this time he tried, and is presently trying, a majority of the criminal felony cases in Jefferson Parish.
Although the December 1964 order should more properly have “specified” the tenure of Judge Cocke’s appointment and fixed a terminal date, under no circumstance should the language of the order be construed to extend the tenure of the appoinment such an inordinate length of time. Since Hall is directly affected, he has the right to challenge the validity of the judge’s authority during the protracted tenure in which this prosecution falls.
Both the letter and the spirit of the constitution support this view. Election of judges and other officials in Louisiana is a fundamental and salient characteristic of our constitution and laws. This makes it clear to me that the constitutional provision in question is designed merely to permit appointments by the court for “temporary” periods of time until hardship occasioned by an overcrowded docket, illness of an elected judge, and like situations, can be remedied. The appointment should not be of indefinite duration or without a terminal date. If a permanent judge is required, that is a matter for the Legislature and the electorate.
I respectfully dissent.